[No. 10,467.]

## PEOPLE v. BROWN.

CONTINUANCE.—The defendant, in an indictment for stealing money from the person of the prosecuting witness, moved for a continuance, on the ground of the absence of a witness; stating in his affidavit, that he expected to prove by him that on the night of the alleged offense *the prosecuting witness had no money in his possession*, and so told the witness. The District Attorney admitted that the prosecuting witness told the witness as stated. The defendant objected to the admission as insufficient; but the Court overruled the objection, and denied a continuance. *Held*, that the admission was insufficient, and that the case should have been continued.

ID.—APPEAL.—This Court will not entertain an objection to the sufficiency of an affidavit for continuance, unless made in the Court below.

APPEAL from a judgment against the defendant, in the Municipal Criminal Court, City and County of San Francisco. BLAKE, J.

*R. Ash*, and *Chas. B. Darwin*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

Department No. 2, SHARPSTEIN, J.:

The defendant moved for a continuance, on the ground of the absence of a material witness, by whom he (defendant) stated in his affidavit that he expected to prove that Ared Howe, said absent witness, " was in company with the prosecuting witness, Myron B. Gesford, on the night of May 9th, 1879, in the City and County of San Francisco, and that the said Myron B. Gesford did not on that night aforesaid have in his possession and with him any money whatever; that the said Myron B. Gesford so told the said witness, Ared Howe, on that night," etc.

The defendant was indicted for stealing money and gold-dust from the person of the prosecuting witness on that night. Proof that he had no money on that night was of the utmost importance to the defendant. The District Attorney admitted that the prosecuting witness told the absent witness Howe, on the night in which the larceny was said to have been committed, and a few minutes before he met the defendant, that he, the prosecuting witness, had not in his possession and with him any money whatever. To that admission the defendant objected, on the ground that it was not sufficient to admit that the prosecuting witness said that he did not have in his possession and with him any money. Whereupon the Court overruled the objection, and denied the motion for a continuance, to which the defendant excepted.

There was no objection to the sufficiency of the affidavit to entitle the defendant to a continuance, and the Court seems to have based its denial upon the sole ground that the admission above stated obviated the necessity of having the witness testify to the facts which the defendant swore that he expected to prove by him, if present. But it is too plain to admit of doubt that the admission does not cover the most material part of what the defendant stated in his affidavit that he expected to prove by the absent witness, viz., *that the said prosecuting witness did not, on the night aforesaid, have in his possession and with him any money whatever.* If that had been admitted— in connection with the other fact, that the prosecuting witness

so stated to the absent witness—the denial of the motion for a continuance upon the ground on which it was based, would not be error. As no other ground was stated at the time for refusing the application, we shall not seek for any other; because, if some other objection had been stated, it is quite possible that it might have been obviated by an amended affidavit. The admission was clearly insufficient to justify the Court in overruling the motion for a continuance.

Another specification of error is, that the evidence was insufficient to justify the verdict. That would have to be very clearly shown, before we would disturb the verdict; and as there must be a new trial we deem it our duty to abstain from any comment upon the testimony.

Judgment and order denying the motion for a new trial reversed.

THORNTON, P. J., and MYRICK, J., concurred.